IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROCKY CAMERON**                                                                    **PETITIONER**

v.                                                        CRIMINAL NO. 1:12CR59-LG-RHW
                                                                      CIVIL NO. 1:16CV383-LG

**UNITED STATES OF AMERICA**                                                **RESPONDENT**

### ORDER DENYING MOTION MADE PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT is the [353] Motion to Vacate, Set Aside or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Rocky Lee Cameron. Having reviewed the submissions of the parties and the applicable law, the Court finds that the Motion should be denied (1) because Cameron waived his right to contest his sentence under § 2255, (2) he has not shown ineffective assistance of counsel, and (3) Cameron's freestanding claim of "actual innocence" is not cognizable as a ground for relief under § 2255 in any event.

### BACKGROUND

Cameron was one of a number of defendants charged in this drug conspiracy case. He agreed to plead guilty to conspiracy to possess with intent to distribute a controlled substance pursuant to a written plea agreement with the government. He also agreed to waive his right to appeal his sentence or to attack his sentence collaterally under § 2255. (*See* Plea Agreement, ECF No. 157). He was then sentenced to 143 months' imprisonment (since reduced to 116 months) and three years' supervised release. Although Cameron did not timely appeal his conviction, on December 11, 2014, the Court granted in part Cameron's [222] Motion, also filed

pursuant to § 2255, to the extent that the Court found that Cameron was entitled to file an out-of-time appeal. (*See* Order, ECF No. 278). The Court denied the Motion without prejudice in all other respects. The Court thereafter extended Cameron's time to appeal once again until January 26, 2015. (*See* Order, ECF No. 284).

Cameron then appealed his conviction on January 7, 2015. The Fifth Circuit Court of Appeals ultimately dismissed the appeal on October 8, 2015. (*See* 5th Cir. Op. & J., ECF Nos. 329, 330). Specifically, the Fifth Circuit found that the appeal was "barred by the appeal waiver in Cameron's plea agreement." (*See* 5th Cir. Op. 1, ECF No. 329).

On October 18, 2016, Cameron mailed his current Motion to the Court, which was received on October 24, 2016. Cameron states that the two-level sentence enhancement he received under § 2D1.1(b)(2) of the Sentencing Guidelines "is erroneous and unfounded" and requests that the Court grant his Motion and remove the enhancement or otherwise grant him an evidentiary hearing with respect to the same. (Pet. Mot. 3-4, ECF No. 353). The enhancement at issue applies if, in the course of the offense, "the defendant used violence, made a credible threat to use violence, or directed the use of violence . . . ."

## DISCUSSION

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the defendant's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). "[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme] Court on direct

pursuant to § 2255, to the extent that the Court found that Cameron was entitled to file an out-of-time appeal. (*See* Order, ECF No. 278). The Court denied the Motion without prejudice in all other respects. The Court thereafter extended Cameron's time to appeal once again until January 26, 2015. (*See* Order, ECF No. 284).

Cameron then appealed his conviction on January 7, 2015. The Fifth Circuit Court of Appeals ultimately dismissed the appeal on October 8, 2015. (*See* 5th Cir. Op. & J., ECF Nos. 329, 330). Specifically, the Fifth Circuit found that the appeal was "barred by the appeal waiver in Cameron's plea agreement." (*See* 5th Cir. Op. 1, ECF No. 329).

On October 18, 2016, Cameron mailed his current Motion to the Court, which was received on October 24, 2016. Cameron states that the two-level sentence enhancement he received under § 2D1.1(b)(2) of the Sentencing Guidelines "is erroneous and unfounded" and requests that the Court grant his Motion and remove the enhancement or otherwise grant him an evidentiary hearing with respect to the same. (Pet. Mot. 3-4, ECF No. 353). The enhancement at issue applies if, in the course of the offense, "the defendant used violence, made a credible threat to use violence, or directed the use of violence . . . ."

## DISCUSSION

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the defendant's judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). "[F]or federal criminal defendants who do not file a petition for certiorari with [the United States Supreme] Court on direct

review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003); *see also United States v. Plascencia*, 537 F.3d 385, 389 (5th Cir. 2008).  Under this rule, Cameron's Motion was timely filed. *See Clay*, 537 U.S. at 532.  Therefore, the Court need not consider Cameron's arguments that the Court should find his Motion timely under § 2255(f)(4) or that the Court should equitably toll the one-year limitations period.  Nevertheless, the Court finds that the Motion, while timely, should be denied for the reasons discussed below.

Section 2255 provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2225(a).  However, a defendant may, as part of a plea agreement, waive the right to appeal and the right to seek post-conviction relief, including relief pursuant to § 2255. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

**Plea Waiver**

When Cameron entered his negotiated plea of guilty, he did so pursuant to a plea agreement which contained an unambiguous waiver of his right to appeal the sentence or contest the sentence in any post-conviction proceeding.  In his rebuttal to the Government's response, Cameron states "that he did not realize what his counsel was doing by having him waive his rights to file for post-conviction relief.

He signed the documents quickly and at counsel's direction" and he later fired his counsel. (*See* Pet. Resp. 2, ECF No. 356). The Fifth Circuit has already rejected this argument and the Court does so again here.

Specifically, at Cameron's plea hearing, the Court deemed Cameron competent to enter his plea. (*See* Plea Tr. 3-5, ECF No. 293). Cameron then testified under oath that no one had threatened him, forced him, or in any other way coerced him to enter a plea of guilty. (*See id.* at 10). He also testified that he was there freely and voluntarily and of his own accord, that he had discussed the plea agreement with his lawyer, and that he had signed it.[1] (*See id.* at 10-12). The plea agreement was explained by the Government in open court, and thereafter agreed to by Cameron and his counsel, including the provisions pertaining to waiver. (*See id.*).

"A defendant's sworn statements in open court are entitled to a strong presumption of truthfulness." *Barba-Ortiz v. United States*, No. 1:12cr103-LG-RHW-1, 2014 WL 6982606, at *2 (S.D. Miss. Dec. 9, 2014) (citing *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001)). "Moreover, the Fifth Circuit affords 'great weight to the defendant's statements at the plea colloquy.'" *Id.* (citing *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)). Thus, under the circumstances presented here, the Court finds that Cameron's guilty plea was knowing and voluntary. *See Wilkes*, 20 F.3d at 653.

---

[1] Cameron also expressed his satisfaction with counsel. (*See* Plea. Tr. 5, ECF No. 293).

4

**Ineffective Assistance of Counsel**

Where, as here, a defendant has pleaded guilty and waived his right to appeal or file a motion pursuant to § 2255, the only ineffective assistance of counsel claim to survive the waiver is one claiming the ineffective assistance "directly affected the validity of waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). In his response, Cameron asks the Court to construe his Motion as including an ineffective assistance of counsel claim because his counsel did not object to the sentencing enhancement. However, this argument addresses counsel's conduct after the plea agreement had already been negotiated and executed; therefore, it is extinguished by the waiver. *See United States v. Shelly*, No. 04-0062, 2007 WL 121770, at *3 (E.D. La. Jan. 16, 2007); *see also, e.g.*, *Hearn v. United States*, No. 5:04cr13-DCB, 2006 WL 1674298, at *3 (S.D. Miss. June 15, 2006).

Regardless, the sentencing transcript shows that Cameron's contention that his counsel did not object to the enhancement is patently false. Cameron's attorney explicitly did so, required the Government to call a witness to testify regarding the facts supporting the enhancement, and even put on his own witness, Cameron himself. (*See* Sentencing Tr. 4-15, ECF No. 296). Accordingly, the Court is of the opinion that Cameron cannot satisfy the two-prong test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 468 U.S. 668 (1984), even if his ineffective assistance claim could survive his plea waiver.

**Actual Innocence**

Cameron also argues that he is actually innocent of the conduct that led to the sentencing enhancement for use of violence, and, thus, that the Court should remove the enhancement. In support, he attaches two affidavits to his Motion, in which the affiants state: "It is to my understanding that Rocky Cameron has had his federal prison sentence enhanced for allegedly threatening and beating me. I have never been beat up nor threatened by Rocky Cameron at any time. This enhancement is incorrect."[2] (Affs., ECF Nos. 353-1).

Even assuming that Cameron's claim of "actual innocence" survives his plea waiver, " 'actual innocence' is not a freestanding basis for relief under § 2255." *See United States v. James*, No. 5:11-CR-317-04, 2016 WL 2726650, at *5 (W.D. La. May 9, 2016) (citing *Foster v. Quarterman*, 466 F.3d 359, 367-68 (5th Cir. 2006)); *see also United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014), *as revised* (Sept. 2, 2014) ("[W]e note that our caselaw does not recognize freestanding actual innocence claims."); *United States v. Scruggs*, 691 F.3d 660, 671 (5th Cir. 2012) (" 'Actual innocence' is not a free-standing ground for relief."); *McGowen v. Thaler*, 675 F.3d 482, 499 (5th Cir. 2012) (the "claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"); *Ortega v.*

---

[2] Cameron states in response that he "is innocent of the crime as well as of the enhancement." (Pet. Resp. 2, ECF No. 356). However, his unsupported statement that he is innocent of the crime is conclusory and otherwise insufficient to entitle him to any relief.

*United States*, No. 2:13-CV-0095, 2015 WL 6745989, at *8 (N.D. Tex. Oct. 14, 2015), *report and rec. adopted*, 2015 WL 6742099, at *1 (N.D. Tex. Nov. 2, 2015).

Moreover, "for a defendant to demonstrate actual innocence of the sentence imposed he would have to show that but for the [alleged] error he would not have been legally eligible for the sentence he received." *See Smith v. Collins*, 977 F.2d 951, 959 (5th Cir. 1992). Here, even if the Court had not applied the two-level enhancement, it still could have sentenced Cameron to a maximum term of 20 years imprisonment, well above the sentence actually imposed.

## CONCLUSION

For the reasons discussed herein, the Court is of the opinion that Defendant Cameron is not entitled to relief under 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [353] Motion to Vacate, Set Aside or Correct a Federal Sentence Pursuant to 28 U.S.C. § 2255 filed by Defendant Rocky Lee Cameron is **DENIED** and this matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 29th day of November, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE